No. 1674.—S. A. BLOCK, wife of J. W. Demarest, and husband, v. DAVID MELVILLE.—D. MELVILLE, administrator, etc.

The marriage contract between A and B shows that B, the intended wife, brought in marriage, five thousand dollars, which A, the husband, received before the marriage. After the marriage A invested the amount in real estate in the name, and for the benefit, of the wife. The wife afterwards sold the property to D, a third party. After this she brought suit against the purchaser to annul the sale and recover back the property, on the ground that the sale was made to settle an old debt, which, it was alleged, her husband owed the purchaser before the marriage. Interrogatories were propounded by her in this suit to the purchaser, in answer to which he stated that the husband had admitted to him that at the time he received the money before the marriage, from the uncle of his intended wife, he was acting as the clerk of the purchaser, and that he did not pay the same by invest-ment in the property which he had purchased from her. It was held by the court, that these answers of the purchaser to the interrogatories, if admissible in evidence against the wife, only raise a presumption or suspicion of bad faith on the part of the intended hus-band. It was further held that this state of facts brought the wife within the rule, that she must show, *dehors*, the act of purchase that the property claimed by her and acquired during the existence of the community was purchased with her separate funds.

The recital in the contract of marriage that the wife brings into the marriage five thousand dollars, which sum is paid over to the intended husband in the presence of the notary and witnesses, is *prima facie* proof of the paraphernal character of the fund, and the burden falls on the purchaser of property from her, claimed to be bought with such funds that the property was actually bought with the funds furnished by the husband, and that said funds were furnished by the husband to the injury of the purchaser.

APPEAL from Third District Court of New Orleans. *Fellowes,* J. *Cooley & Phillips,* for plaintiffs and appellants. *Breaux & Fenner,* for defendants and appellees.

HOWELL, J. This case was before this court in 1855, and is reported in 10 An. 784, where the main question involved was stated to be, whether the plaintiff, a married woman, has established a title to the property claimed by her as her paraphernal or separate property. It was further said: "her alleged separate interest in the property has been specially put at issue, and no testimonial proof has been offered to show that she ever had any paraphernal funds, with which to make the purchase."

It is shown that the notary and witnesses before whom an ante-nuptial contract between the plaintiff and her husband was passed, were all dead at the date of the last trial in the court below, but the plaintiff, as a witness in her own behalf, testifies that the sum of money, ($5000) mentioned in said marriage contract as having been paid in the presence of the notary and witnesses, was actually so paid to her intended husband, and that after their marriage she examined the property in controversy, and requested her husband to purchase it

for her, which he did.  The purchases were made in her name, and the acts recite that they were made with her separate funds.

The evidence relied on to contradict this consists of answers of defendant to interrogatories, and parol and documentary proof as to the fortune of plaintiff's father.

The answers of the defendant, even if admissible against the wife in this respect, at the most, only raise a presumption or suspicion, from alleged acknowledgments of the husband to the defendant, that the said husband as clerk of the defendant, had purloined the money, which was paid to him by the uncle of the intended wife before marriage.  The statements are too vague as to facts and dates to fix upon the parties the crime implied.  They do not make it appear that the husband was clerk of defendant prior to the marriage, while it does appear that a grand jury refused to find a true bill against him on defendant's charge.  They can have no legal weight in rebuttal of plaintiff's proof.  The evidence as to the small fortune of plaintiff's father at his death, six or seven years prior to her marriage, does not disprove her possession of the money at the latter date.

The record brings the plaintiff within the rule, that a wife must show, *dehors* the act of purchase, that the property claimed by her and acquired during the existence of the community, was purchased with her separate funds.  See succession of Wade, 21 An. 343, and authorities there cited.

It is unnecessary to pass on the bills of exception in the record.

As to the question of rents and revenues on the one part and the payments and improvements on the other, the evidence does not enable us satisfactorily to adjust the respective rights of the litigants; and, although the controversy has existed since the fall of 1853, justice requires the cause to be remanded on this part of the dispute for better proof.

It is therefore ordered that the judgment appealed from be reversed, and that the act of sale passed before George Rareshide, notary, on fifth May, 1853, by James W. Demarest and his wife, Susan A. Block, to the defendant, David Melville, of three certain lots of ground and improvements, described in the petition, be declared null, and the said property to belong to the said Mrs. Block, wife of J. W. Demarest, who is entitled to the possession thereof upon a settlement of the question of rents and revenues due her and the sums paid thereon by defendant as a debt resting on the same, and the taxes paid and improvements made by him, for which purpose the cause is hereby remanded to the lower court.  Costs in both courts to be paid by the defendant

On Application for Rehearing.

Howell, J.  In refusing a rehearing in this case, we take occasion to so far modify that portion of our opinion which refers to the answers

of defendant to interrogatories, as to recognize their admissibility, under the circumstances as held by the judge *a quo;* but we consider them insufficient to prove that the money paid at the execution of the marriage contract belonged to the defendant, Melville, or that the husband, at that date, was indebted to the defendant as intimated.

The recital in the act that "the intended wife brings into marriage and settles upon herself, as paraphernal, the sum of five thousand dollars, which sum was paid over to the said intended husband in presence of the undersigned notary and witnesses," is at least *prima facie* proof of the paraphernal character of the funds, (2 R. 478, Lambert *v.* His Creditors) and throws upon the defendant the burden of showing, in this case, not only that they were furnished by the intended husband, but that they were so furnished to the injury of the defendant; for it is only upon the concurrence of these two facts that the theory of the defense can be sustained.

The fact of the payment in the presence of the notary and witnesses, is one to which the notary could certify, and is quite different, as evidence against third persons, from the statement that the parties to the act acknowledged the payment.

Rehearing refused.